**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 21 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

OLORUNTADE OLUMUYIWA, AKA
John Doe, AKA Markus Heukelom,

Defendant - Appellant.

No. 09-50603

D.C. No. 2:09-cr-00228-JFW-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Argued and submitted December 9, 2010
Pasadena, California

Before: PREGERSON and CLIFTON, Circuit Judges, and HOLLAND, Senior
District Judge.[**]

Olumuyiwa appeals his 70-month sentence, arguing that the district court

erred in applying U.S.S.G. § 3A1.1(b), the vulnerable victim enhancement, and

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The Honorable H. Russel Holland, Senior United States District Judge for the District of Alaska, sitting by designation.

that application of U.S.S.G. § 2B1.1(b)(9)(B), the sophisticated means enhancement, resulted in an unreasonable sentence. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court did not err in applying the vulnerable victim enhancement. Although the district court did not make sufficient findings as to the elderly victims, it made the two determinations it was required to make as to the reloaded victims. *See United States v. Luca*, 183 F.3d 1018, 1025 (9th Cir. 1999). The district court adopted the presentence report and its addendum which identified reloaded victims as a class of vulnerable victims and identified O.P. as a specific member of that class whom Olumuyiwa knew or should have known was vulnerable, given O.P.'s three deposits into accounts controlled by Olumuyiwa over a 10-day period.

Application of the sophisticated means enhancement did not result in an unreasonable sentence. The sophisticated means enhancement was not intended to apply only to defendants who were operating a fraudulent telemarketing scheme in the United States and who then moved their operations overseas to evade detection or to make detection more difficult. Subsection (B) of the enhancement was intended to apply to defendants who are involved in a fraudulent telemarketing scheme that was being operated from outside the United States, regardless of

whether they moved overseas to evade detection or to make detection more difficult.  *See* United States Sentencing Guidelines Manual app. C, amd. 577 (2003) (explaining that the enhancement was intended to apply to fraudulent telemarketers who operate from overseas locations <u>and</u> to those who move overseas to evade detection by U.S. law enforcement).

AFFIRMED.